## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE

| | |
|---|---|
| AARON ROBERTSON,       ) | |
|       ) | |
|      **Plaintiff,**       ) | |
|       ) | |
| **v.**       ) | |
|       ) | **Civil Action No.** |
| **ELEVATION CHURCH, D/B/A**       ) | |
| **ELEVATION WORSHIP, and**       ) | |
| **PROVIDENT LABEL GROUP, LLC,**       ) | |
|       ) | |
|      **Defendants.** | |

## COMPLAINT

Plaintiff Aaron Robertson ("Plaintiff") files this Complaint ("Complaint") against Defendants Elevation Church, d/b/a Elevation Worship and Provident Label Group, LLC ("Defendants") and alleges as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Aaron Robertson is a citizen and resident of Tennessee and this judicial district.

2.      Defendant Elevation Church is a not-for-profit corporation organized and existing under the laws of the State of North Carolina and doing business as "Elevation Worship." It, for purposes of venue and personal jurisdiction, resides and may be found in this judicial district, and its agent resides in this judicial district. Provident Label Group, LLC ("Provident") is a limited liability company organized and existing under the laws of Delaware. It is joined because it has distributed the Works in this judicial district and because it has custody of certain proceeds of the distribution of the Works.

3.      Plaintiff is a successful producer, recording engineer, musician, composer, and programmer. He was hired by Defendant, beginning on or about 2014, to independently produce and serve as a creator periodically with respect to 147 master recordings created over several years from which sound recordings ("the Works") were to be distributed on Defendant's behalf by Provident Entertainment, an affiliate of Sony Music, pursuant to a contract entered into in this judicial district between Defendant and Provident Entertainment, which is located in this judicial district. The Works are identified on Exhibit A, attached hereto.

4.      Accordingly, Plaintiff, for the purposes of the copyright law, is the author of these Works. Plaintiff, however, began to create the Works without being represented by counsel, was advised by Defendant, which did have counsel, and by its agent located in this judicial district, that he was not entitled to any compensation for his services other than "being credited as a producer" with respect to his creation of many of these Works, and for others, that he would not receive producer royalties, as Defendant did not pay them.

5.      Moreover, Plaintiff has never executed a writing transferring his ownership interest and/or copyrights in the Works to Defendant.

6.      In April 2025, Plaintiff, having obtained the advice of independent counsel, demanded copies of any and all agreements with Defendant by which he had transferred ownership in the Works, including the copyrights, to Defendant.

7.      On June 12, 2025, more than ten (10) weeks later, Defendant's agent, located in this judicial district, provided fifteen (15) unsigned draft agreements, created long after the fact, none of which provided for any royalties to be paid to Plaintiff. Plaintiff never agreed to such terms.

8.      These unsigned agreements were prepared in this judicial district by Defendant's agent and counsel located in this judicial district and provided to Plaintiff and Plaintiff's counsel in this judicial district. Moreover, Plaintiff entered into his services in Tennessee with respect to the creation of several of the Works and negotiated the terms upon which he created or co-created them in Tennessee. Further, Defendant has entered into a recording agreement with Provident, a Tennessee entity, in Tennessee, which, at the request of Plaintiff, is holding the proceeds from the sale and distribution of the Works earned by Plaintiff, and Defendant, in Tennessee and in this judicial district. Defendant sells its infringing sound recordings throughout the United States, including in Tennessee and in this judicial district. It regularly and purposefully transacts business in this judicial district and receives royalties paid by Provident, and others, in this judicial district. Accordingly, this Court has both personal jurisdiction and proper venue over the Defendants.

## COUNT I:

## DECLARATORY JUDGMENT

9.      Plaintiff seeks this Court's declaration that he is an author or co-author of the Works and that he has not transferred his copyrights therein to Defendant Elevation Worship, as any such transfer must, pursuant to 17 U.S.C. Section 101, be written and signed in order to be effective.

## COUNT II:

## COPYRIGHT INFRINGEMENT

10.      As Plaintiff has not transferred his copyrights to Defendant Elevation Worship in the Works in a signed and written document, or otherwise, Defendants are infringing his copyrights in the Works and are liable to Plaintiff therefor.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks the Court's judgment as follows:

1.      That he is an owner of the copyright in the Works;

2.      That Defendants have infringed his copyrights in the Works;

3.      For compensatory damages, pursuant to 17 U.S.C. Section 504 and/or 505;

4.      For attorney's fees and costs; and,

5.      For such other and further general relief to which Plaintiff may be entitled.


**GRIFFIN BOWEN, PLLC**


Respectfully submitted,


 /s/ Jay S. Bowen
Jay S. Bowen, TN Bar No. 2649
Connor M. Blair, TN Bar No. 031992
48 Music Square East
Nashville, Tennessee 37203
(615) 742-4800
jbowen@griffinbowen.com
cblair@griffinbowen.com

*Counsel for Plaintiff Aaron Robertson*