# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE

| | | |
|---|---|---|
| AARON ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 3:25-cv-01323 |
| ELEVATION CHURCH, D/B/A | ) | |
| ELEVATION WORSHIP, and | ) | Judge Crenshaw |
| PROVIDENT LABEL GROUP, LLC, | ) | Magistrate Judge Newbern |
| | ) | |
| Defendants. | | |

## AMENDED COMPLAINT

Plaintiff Aaron Robertson ("Plaintiff") files this Amended Complaint ("Amended Complaint") against Defendants Elevation Church, d/b/a Elevation Worship, and Provident Label Group, LLC ("Defendants") and alleges as follows:

### THE PARTIES, JURISDICTION, VENUE, AND FACTS

1. Plaintiff Aaron Robertson is a citizen and resident of Tennessee and this judicial district.

2. Defendant Elevation Church is a not-for-profit corporation organized and existing under the laws of the State of North Carolina and doing business as "Elevation Worship." It, for purposes of venue and personal jurisdiction, resides and may be found in this judicial district, and its agent resides in this judicial district. Provident Label Group, LLC ("Provident") is a limited liability company organized and existing under the laws of Delaware. It is joined because it has distributed the Works in this judicial district and because it has custody of certain proceeds of the distribution of the Works.

3.      Plaintiff is a successful producer, recording engineer, musician, composer, and programmer. He was hired by Defendant, beginning on or about 2014, to independently produce and serve as a creator periodically with respect to 147 master recordings created over several years from which sound recordings ("the Works") were to be distributed on Defendant's behalf by Provident, an affiliate of Sony Music, pursuant to a contract entered into in this judicial district between Elevation Worship and Provident, which is located in this judicial district. The Works are identified on Exhibit A, attached hereto.

4.      Plaintiff contributed to the production and creation of the Works with the intent of sharing authorship credit in them. There was no agreement to the contrary. Plaintiff's creative contributions to the Works are original and rise to a level of independent copyrightability.

5.      Accordingly, Plaintiff, for the purposes of the copyright law, is the author of these Works. Plaintiff, however, began to create the Works without being represented by counsel, was advised by Defendant, which did have counsel, and by its agent located in this judicial district, that he was not entitled to any compensation for his services other than "being credited as a producer" with respect to his creation of many of these Works, and for others, that he would not receive producer royalties, as Defendant did not pay them.

6.      Moreover, Plaintiff has never executed a writing transferring his ownership interest and/or copyrights in the Works to Defendant. Plaintiff has not transferred his copyrights to Defendant Elevation Worship in the Works in a signed and written document, or otherwise.

7.      In April 2025, Plaintiff, having obtained the advice of independent counsel, demanded copies of any and all agreements with Defendant by which he had transferred ownership in the Works, including the copyrights, to Defendant.

2

8. On June 12, 2025, more than ten (10) weeks later, Defendant's agent, located in this judicial district, provided fifteen (15) unsigned draft agreements, created long after the fact, none of which provided for any royalties to be paid to Plaintiff. Plaintiff never agreed to such terms.

9. These unsigned agreements were prepared in this judicial district by Defendant's agent and counsel located in this judicial district and provided to Plaintiff and Plaintiff's counsel in this judicial district. Moreover, Plaintiff entered into his services in Tennessee with respect to the creation of several of the Works and negotiated the terms upon which he created or co-created them in Tennessee. Further, Defendant has entered into a recording agreement with Provident, a Tennessee entity, in Tennessee, which, at the request of Plaintiff, is holding the proceeds from the sale and distribution of the Works earned by Plaintiff, and Defendant, in Tennessee and in this judicial district. Defendant sells its infringing sound recordings throughout the United States, including in Tennessee and in this judicial district. It regularly and purposefully transacts business in this judicial district and receives royalties paid by Provident, and others, in this judicial district. Accordingly, this Court has both personal jurisdiction and proper venue over the Defendants. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

### COUNT I:
### DECLARATORY JUDGMENT

10. Plaintiff incorporates herein the allegations contained in the above paragraphs.

11. Plaintiff seeks this Court's declaration that he is an author or co-author of the Works and that he has not transferred his copyrights therein to Defendant Elevation Worship, as any such transfer must, pursuant to 17 U.S.C. Section 101, be written and signed in order to be effective. Plaintiff also seeks a declaration that he owns at least fifty hundred percent (50%) of his particular authorship interest in and to the Works, which is indivisible.

3

**COUNT II:**
**ACCOUNTING**

12. Co-owners of a copyrighted work are akin to tenants-in-common, with each co-owner having an undivided, independent right to use the work, subject to a duty to account for profits to the other co-owner(s). As a co-owner of the Works, Plaintiff has a right to an accounting from Defendant Elevation Worship of any and all profits obtained as a direct or indirect result of Defendants' exploitation of the Works, and to payment of Plaintiff's share of such profits. Plaintiff also has a right to an accounting from Defendant Provident, who has profited from Defendant Elevation Worship's exploitation of the Works as a result of its contractual relationship with Elevation Worship.

13. Defendants have a duty to account for profits obtained, derived, or resulting from the exploitation of the Works, including, but not limited to, any other person or entity acting under a license, sublicense, lease and/or transfer of rights under the Works issued formally or informally by Defendants, requiring Defendants to disclose to Plaintiff all income collected from such exploitation, and to pay Plaintiff its share of the profits. The precise nature and extent of Defendants' income attributable to the rights hereunder are unknown to Plaintiff at the present time, and their profits cannot be determined without an accounting of their transactions relating to the exploitation of the Works. Moreover, upon information and belief, the accounts presented are of such complexity that adequate relief cannot be obtained at law, and an investigation of said Defendant's accounts are necessary in order to effect justice between the parties and establish the value of Plaintiff's interests.

**COUNT III:**
**DISGORGEMENT OF FUNDS**

14. Plaintiff incorporates herein the allegations contained in the above paragraphs.

4

15. Defendants have collected monies directly or indirectly from, among others, the sale, licensing, performance, reproduction, and distribution of the Works, and Plaintiff is entitled to, and requests, an order of this Court requiring Defendants to disgorge and account to Plaintiff all monies received in relation directly or indirectly to the Works.

## COUNT IV:
## IMPOSITION OF A CONSTRUCTIVE TRUST

16. Plaintiff incorporates herein the allegations contained in the above paragraphs.

17. At all relevant times, Plaintiff was and still is the rightful owner of his share in the copyrights to the Works and was and still is entitled to possession of those assets.

18. Defendants have appropriated Plaintiff's assets to which Defendants were not entitled and has diverted those assets to Defendants' own use and benefit.

19. Plaintiff is entitled to, and requests, an order of this Court imposing a constructive trust over the assets, profits, and any other monies related to the exploitation of the Works, which have been and are being wrongfully detained by Defendants.

## COUNT V:
## UNJUST ENRICHMENT

20. Plaintiff incorporates herein the allegations contained in the above paragraphs.

21. Plaintiff has conferred a benefit upon Defendants by virtue of his contributions to the Works. Defendants were aware of these benefits, has clearly benefited from them, and continues to benefit from them, all to Plaintiff's detriment.

68. Defendants accepted and retained these benefits under circumstances that would make it unfair and unjust for Defendants to continue to retain them without fair and just payment of their value to Plaintiff.

69. Under the circumstances described herein, it would be inequitable for Defendants to retain such ill-gotten benefits without paying Plaintiff the value of those benefits.

70. As a result of Defendants' failures to account to Plaintiff for profits arising from the Works, Defendants have received, directly or indirectly, funds to which they are not entitled, in amounts to be determined at trial, and has been unjustly enriched thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks the Court's judgment as follows:

1. That Plaintiff is an owner of the copyright in the Works;

2. That Defendants account to Plaintiff for the amounts owed to him by virtue of their status as copyright co-owners;

3. That Defendants disgorge any profits arising from the Works that rightfully belong to Plaintiff;

4. That a constructive trust be imposed on all of Defendants' income arising from or relating to the Works, including, but not limited, income arising from the licensing or assignment of rights to the songs;

5. For attorney's fees and costs; and,

6. For such other and further general relief to which Plaintiff may be entitled.

6

Dated: January 6, 2026                Respectfully submitted,

**GRIFFIN BOWEN, PLLC**

*/s/ Jay S. Bowen*
Jay S. Bowen, TN Bar No. 2649
Connor M. Blair, TN Bar No. 031992
48 Music Square East
Nashville, Tennessee 37203
(615) 742-4800
jbowen@griffinbowen.com
cblair@griffinbowen.com

*Counsel for Plaintiff Aaron Robertson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of January 2026, the foregoing was electronically filed and that notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Connor M. Blair*