# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| AARON ROBERTSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-cv-01323 |
| | ) | |
| ELEVATION CHURCH, D/B/A | ) | |
| ELEVATION WORSHIP, and | ) | |
| PROVIDENT LABEL GROUP, LLC, | ) | |
| | ) | |
|     Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

For more than a decade, Aaron Robertson helped Elevation Church ("Elevation") create 147 sound recordings without receiving royalties. Provident Label Group, LLC ("Provident") distributed those works. He now seeks a declaration that he is a co-author and co-owner of the works, as well as an accounting, disgorgement, a constructive trust, and damages for unjust enrichment. Defendants move for partial dismissal. (Doc. No. 24).[1] The motion presents two questions. The first is whether Robertson may plead accounting, disgorgement, and constructive trust as independent claims even though they are remedies. He cannot. The second is whether Robertson's claim for declaratory judgment under the Copyright Act and his unjust enrichment claim are time-barred for recordings released before November 14, 2022. The Amended

---

[1] Before Robertson amended his Complaint, Defendants moved for partial dismissal on similar grounds (Doc. No. 12). That motion will be denied as moot. <u>See</u> <u>Parry v. Mohawk Motors of Michigan, Inc.</u>, 236 F.3d 299, 306-07 (6th Cir. 2000) (holding that an amended complaint supersedes all previous complaints); <u>Crawford v. Tilley</u>, 15 F.4th 752, 759 (6th Cir. 2021) ("The general rule is that filing an amended complaint moots pending motions to dismiss.").

Complaint does not establish that they are. For the reasons set forth below, the motion will be granted in part and denied in part.

## I.      FACTUAL ALLEGATIONS[2]

Robertson is a producer, recording engineer, musician, composer, and programmer. (Doc. No. 20 ¶ 3). In 2014, Elevation hired him to produce and help create 147 master recordings that Provident later distributed. (Id.). Robertson contributed "original" material that "rise[s] to a level of independent copyrightability" "with the intent of sharing authorship credit" in the recordings. (Id. ¶ 4). "There was no agreement to the contrary." (Id.). Elevation told Robertson that he was not entitled to compensation beyond "being credited as a producer," and that he would not receive producer royalties because Elevation did not pay them. (Id. ¶ 5).

Robertson never signed a writing transferring his "ownership interest" or "copyrights" to Elevation. (Id. ¶ 6). In April 2025, Robertson demanded copies of any agreement through which he supposedly transferred his ownership interests. (Id. ¶ 7). Elevation responded in June 2025 with fifteen unsigned draft agreements, none providing royalties to Robertson. (Id. ¶ 8). Robertson "never agreed to such terms." (Id.).

Count I seeks a declaration that Robertson "is an author or co-author" of the recordings, that he "has not transferred his copyrights," and that he "owns at least" fifty percent of his "particular authorship interest." (Id. ¶ 11). Counts II, III, and IV request an accounting, disgorgement, and a constructive trust. (Id. ¶¶ 12–19). Count V requests damages for unjust enrichment because Defendants accepted and retained the benefits of Robertson's contributions,

---

[2] The Court draws the facts from the Amended Complaint (Doc. No. 20) and assumes their truth to rule on the motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

2

as well as "funds to which they are not entitled," without paying their fair value. (Id. ¶¶ 20–21, 68–70).[3]

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Venema v. West, 133 F.4th 625, 632 (6th Cir. 2025) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678). When determining whether the complaint meets this standard, the Court must accept the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018).

A statute of limitations is an affirmative defense. Accordingly, dismissal under Rule 12(b)(6) is appropriate only when the allegations "affirmatively show that the claim is time-barred." Bozzo v. Nanasy, 159 F.4th 1111, 1116 (6th Cir. 2025) (quoting Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012).

## III.    ANALYSIS

Defendants first seek dismissal of Robertson's accounting, disgorgement, and constructive trust claims because they are remedies rather than causes of action.  (Doc. No. 25 at 4–6). Defendants next seek dismissal of Robertson's declaratory judgment and unjust enrichment claims on recordings released before November 14, 2022. (Id. at 6–11). Their argument has three components.  Defendants first contend that the Copyright Act does not authorize Robertson's

---

[3] The Amended Complaint skips from paragraph 21 to paragraph 68.

request for declaratory relief. They then argue that unjust enrichment is the only substantive claim capable of supporting that request, making Tennessee's statute of limitations applicable to both the declaratory judgment and unjust enrichment claims. Finally, they argue that portions of both claims concerning recordings released before November 14, 2022, are barred by that statute of limitations.

The Court agrees that accounting, disgorgement, and constructive trust are remedies and will dismiss those claims. Accounting, disgorgement, and constructive trust, however, remain as remedies if liability is established. The Court rejects Defendants' limitations argument. Robertson's request for declaratory relief arises under the Copyright Act, and Defendants have not established that either claim is untimely.

A.      Accounting, Disgorgement, and Constructive Trust Are Remedies

Robertson acknowledges that his accounting, disgorgement, and constructive trust claims are remedies rather than independent causes of action. (Doc. No. 30 at 4–6). He nevertheless asks the Court to retain those counts because some courts have permitted parties to plead them separately. (Id.). The Court sees no reason to do so. As Robertson concedes, each is a remedy rather than a standalone cause of action. See, e.g., Bradshaw v. Thompson, 454 F.2d 75, 79 (6th Cir. 1972) (accounting); Jarbo v. Bank of N.Y. Mellon, 587 F. App'x 287, 290 (6th Cir. 2014) (disgorgement); Smith v. Bank of Am. Corp., 485 F. App'x 749, 755 (6th Cir. 2012) (constructive trust). The claims will be dismissed with prejudice. Dismissal of those claims does not affect Robertson's ability to seek those remedies if he later prevails on liability.

B.	<u>Defendants Have Not Established That the Declaratory Judgment Claim Was Untimely</u>

### 1.	**The Declaratory Judgment Claim Arises Under the Copyright Act**

Defendants contend that Robertson's request for a declaratory judgment establishing his authorship and ownership interest is not supported by a Copyright Act cause of action. That is so, they say, because the Declaratory Judgment Act creates no substantive rights, and the text of the Copyright Act expressly authorizes "a private cause of action only for copyright infringement." (Doc. No. 25 at 10). Thus, in their view, the Copyright Act does not authorize actions seeking declarations of "authorship," "ownership," or "the validity of a copyright transfer" because nothing in the Act expressly creates such a cause of action. (<u>Id.</u>). Without a federal cause of action, they argue that Robertson's request can be supported only by his unjust-enrichment claim. (<u>Id.</u>).

Defendants' argument overlooks the framework that the Sixth Circuit applies to determine whether a declaratory judgment action involves a copyright claim. The relevant question is not whether the Copyright Act expressly authorizes the particular declaration requested. Rather, "[f]ederal question jurisdiction exists in a declaratory judgment action if the plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant *could* file a coercive action arising under federal law." <u>Severe Recs., LLC v. Rich</u>, 658 F.3d 571, 581 (6th Cir. 2011) (citation and quotation marks omitted); <u>see also</u> <u>Jones v. Glad Music Publ'g & Recording LP</u>, 535 F. Supp. 3d 723, 731 (M.D. Tenn. 2021) ("[T]he question of whether the court has jurisdiction over a declaratory judgment action involving a copyright dispute is answered by deciding whether the defendant could have filed a lawsuit against the plaintiff that would have been determined to arise under the Copyright Act.") (citing <u>id.</u>).

Applying that framework, claims arise under the Copyright Act not only when they seek relief expressly authorized by the Act (such as for copyright infringement), but also when they

"assert[] a claim requiring construction of the Act." Jones, 535 F. Supp. 3d at 731–32 (citation omitted). The Sixth Circuit has adopted the view of other circuits that "disputed claims about whether there is co-authorship require[] application of the Copyright Act." Severe Recs., 658 F.3d at 582; see also Jones, 535 F. Supp. 3d at 732. The same is true of ownership claims that derive from disputed authorship. Severe Recs., 658 F.3d at 581; Jones, 535 F. Supp. 3d at 732.

Construing the allegations in the Amended Complaint liberally in Robertson's favor, his declaratory judgment claim arises under the Copyright Act because it is premised on disputed authorship. Severe Recs., 658 F.3d at 582; Jones, 535 F. Supp. 3d at 732. Robertson alleges that he contributed "original" material that "rise[s] to a level of independent copyrightability" "with the intent of sharing authorship credit" and that "[t]here was no agreement to the contrary." (Doc. No. 20 ¶ 4). He seeks a declaration that he "is an author or co-author" of the recordings and that he owns a fifty-percent "authorship interest" in them. (Id. ¶ 11).

Robertson's own briefing is not entirely clear about the distinction between authorship and ownership. At various points, he characterizes his claim as seeking a declaration that "he is a co-owner or co-author" of the recordings. (Doc. No. 30 at 7). The Amended Complaint, however, controls. Construed in Robertson's favor, it seeks a declaration that he "is an author or co-author" of the recordings. Any ownership he claims derives from his alleged status as a co-author. See 17 U.S.C. § 201(a) ("The authors of a joint work are co-owners of copyright in the work.").

Defendants' reliance on Medina v. Planned Parenthood South Atlantic, 606 U.S. 357 (2025), for the proposition that the Copyright Act must expressly authorize a declaratory action establishing authorship or ownership is creative but novel. (Doc. No. 25 at 9–10). Medina addressed when Spending Clause legislation creates private rights enforceable under 42 U.S.C. § 1983. Medina, 606 U.S. at 375–76; see also A.M.C. v. Smith, No. 3:20-CV-00240, 2026 WL

2021986, at *4 (M.D. Tenn. July 13, 2026) (explaining that <u>Medina</u> reaffirmed <u>Gonzaga</u>'s test for determining whether Spending Clause legislation confers individual rights enforceable under § 1983). It did not involve the Copyright Act, declaratory-judgment jurisdiction, or the framework the Sixth Circuit adopted in <u>Severe Records</u> for determining when a declaratory-judgment action arises under the Copyright Act. Defendants' reliance on <u>Medina</u> ignores controlling precedent, which permits a declaratory-judgment action to arise under the Copyright Act not only for express infringement claims, but also for disputed claims of authorship.[4] <u>Severe Recs.</u>, 658 F.3d at 582; <u>Jones</u>, 535 F. Supp. 3d at 732.

Robertson's declaratory judgment claim arises under the Copyright Act. Its timeliness is governed by the Copyright Act's three-year statute of limitations, 17 U.S.C. § 507(b), rather than state law, as Defendants contend.

> **2.    The Amended Complaint Does Not Establish That Robertson's Authorship Was Repudiated**

Because Robertson's declaratory judgment claim seeking to establish authorship is governed by the Copyright Act's three-year statute of limitations, the rule articulated in <u>Everly v. Everly</u>, 958 F.3d 442 (6th Cir. 2020) governs the accrual of the claim. Defendants erroneously analyze timeliness under Tennessee law. (Doc. No. 25 at 6–11; Doc. No. 31 at 3–5).

<u>Everly</u> addressed when the Copyright Act's three-year statute of limitations begins to run on a declaratory action seeking to establish authorship. The Sixth Circuit held that "an authorship claim will not accrue until the putative author's status *as an author* is expressly repudiated." <u>Everly</u>, 958 F.3d at 453. Defendants argue that <u>Everly</u> does not apply because it involved

---

[4] It is ironic that Defendants fault Robertson for failing to identify "binding Supreme Court precedent" (Doc. No. 31 at 5)—i.e., <u>Medina</u>—when that case is inapposite, and they themselves fail to address controlling precedent. The Court suspects they knew better and predicted the result, so they threw a Hail Mary.

competing claims of authorship brought under the Copyright Act's express termination provisions. (Doc. No. 31 at 5). That distinction finds no support in <u>Everly</u>. The Sixth Circuit held squarely that "an authorship claim" accrues upon express repudiation. <u>Everly</u>, 958 F.3d at 453.

<u>Everly</u> recognized three forms of express repudiation: (1) private repudiation by "direct communication with the plaintiff," (2) public repudiation "by asserting sole authorship to the world and the plaintiff, including the listed credit on the published work," and (3) implicit repudiation "by receiving remuneration for the work to which the plaintiff is entitled." <u>Id.</u> at 453. Regardless of the form, the repudiation "must come from someone asserting authorship of the work, not from a third party." <u>Id.</u> "Under the latter two theories," moreover, "the receipt of money and credit must actually be adverse to the plaintiff's authorship status." <u>Id.</u>

Neither side properly analyzes the allegations in the Amended Complaint under that framework. Defendants maintain that <u>Everly</u> does not govern and instead analyze timeliness under Tennessee law. (Doc. No. 25 at 6–11; Doc. No. 31 at 3–5). Robertson identifies <u>Everly</u> as controlling but does not mention the three forms of express repudiation and simply asserts in conclusory fashion that his authorship was never expressly repudiated. (Doc. No. 30 at 7–8). Because Defendants bear the burden of establishing their statute-of-limitations defense, <u>Bozzo</u>, 159 F.4th at 1116, their failure to analyze the allegations under <u>Everly</u> dooms their motion. The Court nevertheless applies the proper framework to the allegations in the Amended Complaint.

The first two forms of express repudiation require little discussion. There is no private repudiation because the Amended Complaint identifies no direct communication in which another putative author denied Robertson's claimed authorship. Nor is there public repudiation because the Amended Complaint does not allege that another putative author publicly asserted sole

authorship or publicly credited the recordings in a manner adverse to Robertson's claimed authorship.

The allegations most naturally implicate the third form of express repudiation—implicit repudiation by receipt of "remuneration" for Robertson's works that is "actually adverse" to his authorship status. Everly, 958 F.3d at 453. Construing the Amended Complaint in Robertson's favor, Defendants have not established that form of repudiation. Robertson alleges only that Elevation told him he would not receive compensation and producer royalties but would continue to be credited as a producer for the works. (Doc. No. 20 ¶ 5). Nothing in the Amended Complaint permits the Court to infer that Defendants received the royalties that Robertson claims he was denied. And even if the Court drew that inference, the Amended Complaint alleges that Defendants simultaneously told Robertson that he would continue to be "credited as a producer" authorship credit for his creative work. (Id.). The Court thus cannot conclude that any receipt of remuneration was "actually adverse" to Robertson's claimed authorship, as Everly requires. Everly, 958 F.3d at 453.

Defendants have not established that Robertson's claim seeking a declaration of authorship accrued outside the Copyright Act's three-year statute of limitations. Their statute of limitations defense to the declaratory judgment claim fails.

C.  Defendants Have Not Established That the Unjust-Enrichment Claim Was Untimely

Defendants contend that Robertson's unjust enrichment claim is untimely under Tennessee law. (Doc. No. 25 at 6–8). They argue that Robertson's unjust-enrichment claim accrued, recording by recording, each time Elevation released a recording without paying him royalties. (Doc. No. 25 at 6–8). They further argue that the six-year statute of limitations for contract claims

does not apply because Robertson alleges no contract.  (Doc. No. 31 at 3–4).  Neither argument identifies the gravamen of Robertson's unjust-enrichment claim as required by Tennessee law.

Under Tennessee law, contract actions have a six-year limitations period,  Tenn. Code Ann. § 28-3-109(a)(3), while actions for injuries to property or conversion have a three-year limitations period, id. § 28-3-105(1)–(2).  "[T]o determine the applicable statute of limitations," a court "must identify the gravamen of each claim alleged."  Benz-Elliott v. Barrett Enters., LP, 456 S.W.3d 140, 141 (Tenn. 2015).  That requires the court to "first consider the legal basis of the claim and then consider the type of injuries for which damages are sought."  Id. at 151.  The analysis is "necessarily fact-intensive and requires a careful examination of the allegations of the complaint as to each claim."  Id.

Defendants never undertake that analysis.  Their opening brief assumes that the three-year period applies, wholly ignoring Benz-Elliott's fact-intensive analysis.  Their reply argues only that the unjust-enrichment claim does not sound in contract, but it does not analyze why the claim instead sounds in tort under Benz-Elliott.[5]  Robertson alleges that Elevation hired him to provide creative services, accepted those services over several years, and retained the benefits without paying their value.  (Doc. No. 20 ¶¶ 3–5, 68–70).  Those allegations could reasonably support a quasi-contractual gravamen.  They also may support a tort-based gravamen.  Either way, Benz-Elliott requires a careful examination of the allegations to answer that question, and Defendants never undertake that analysis.

Defendants bear the burden of establishing their statute-of-limitations defense.  Bozzo, 159 F.4th at 1116.  They have not carried that burden.  Because Defendants never undertake the

---

[5] For the third time, Defendants have failed to identify and analyze their statute-of-limitations arguments under the governing law.  Defendants' repeated failure to apply the proper legal framework has made this portion of the motion needlessly difficult to resolve.

gravamen analysis with respect to their tort-based theory, Defendants' statute-of-limitations defense to the unjust-enrichment claim thus fails.

## IV.     CONCLUSION

For the reasons set forth above, the first motion to dismiss (Doc. No. 12) will be denied as moot.  The second motion to dismiss (Doc. No. 24) will be granted in part and denied in part.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

11